UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:19 CV 25 CDP |
| | ) | |
| MICHELLE CHAPMAN, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

At the time this complaint was filed, plaintiff was a pregnant minor who was seeking to obtain an abortion using Missouri's alternative authorization procedure set out in Mo. Rev. Stat. § 188.028[1] instead of obtaining the consent of her parents.

---

[1] The statute permits a pregnant minor to apply to the juvenile courts for either the right to self-consent to abortion or consent by the court to obtain an abortion. The provision reads in relevant part:

> The minor or next friend shall make an application to the juvenile court which shall assist the minor or next friend in preparing the petition and notices required pursuant to this section. The minor or the next friend of the minor shall thereafter file a petition setting forth the initials of the minor; the age of the minor; the names and addresses of each parent, guardian, or, if the minor's parents are deceased and no guardian has been appointed, any other person standing in loco parentis of the minor; that the minor has been fully informed of the risks and consequences of the abortion; that the minor is of sound mind and has sufficient intellectual capacity to consent to the abortion; that, if the court does not grant the minor majority rights for the purpose of consent to the abortion, the court should find that the abortion is in the best interest of the minor and give judicial consent to the abortion; that the court should appoint a guardian ad litem of the child; and if the minor does not have private counsel, that the court should appoint counsel. The petition shall be signed by the minor or the next friend.

Mo. Rev. Stat. § 188.028(2)(1).

Plaintiff alleged that defendant, in her official capacity as the Circuit Clerk of Randolph County (where plaintiff sought to obtain alternative authorization for her abortion), twice refused to allow her to petition the court under the statute without providing notice to her parents, in violation of her Fourteenth Amendment right to obtain an abortion without parental consent. Plaintiff's original complaint sought only prospective injunctive and declaratory relief related to the constitutionality and enforcement of the statute.

Plaintiff then amended her complaint, alleging that she is now no longer a minor or pregnant.[2] Plaintiff still seeks prospective injunctive relief and a declaration with respect to Missouri's alternative-authorization statute. She also brings a claim for damages based upon the alleged violation of her constitutional right to obtain an abortion without parental consent. Plaintiff names defendant in her official capacity only.

Defendant now moves to dismiss plaintiff's amended complaint on the grounds that it is moot, that plaintiff lacks standing, and that plaintiff has failed to state a claim upon which relief can be granted. The Eighth Circuit Court of Appeals summarized the mootness doctrine as follows:

> Article III, § 2 of the United States Constitution limits the judicial power to "cases or controversies." A "controversy" is a concrete and existing dispute

---

[2] Defendant assumes that plaintiff is no longer pregnant because she ultimately obtained an abortion, but the amended complaint does not include such an allegation. In the absence of such an allegation, the Court declines to speculate as to the reason why plaintiff is no longer pregnant.

> between real parties whose interests are adverse. The federal courts do not have a disembodied legislative power to second-guess enactments of legislatures by giving advisory opinions. There must be, at a minimum, real parties, adverse legal interests, and a live dispute.

*T.L.J. v. Webster*, 792 F.2d 734, 738 (8th Cir. 1986). Defendant relies upon the Eighth Circuit's decision in *T.L.J.* to support her mootness argument here. The plaintiff in *T.L.J.* challenged a different provision of Missouri's alternative authorization statute while she was under eighteen, unemancipated, and pregnant. *Id.* at 739. Because the plaintiff turned eighteen during the pendency of the litigation, and there was "no possibility at all of her ever again being a pregnant, unemancipated minor," the Eighth Circuit held her claim was "truly moot" and affirmed dismissal on that ground. *Id.*[3] Although plaintiff believes that *T.L.J.* was "wrongly decided," she acknowledges that the decision applies to this case and renders her claims for prospective injunctive and declaratory relief moot. (Doc. 40 at 2). This Court is bound to follow the Eighth Circuit's decision in *T.L.J.*

---

[3] Plaintiff argues that her prospective relief claims should not be considered moot under the "capable of repetition, yet evading review" exception. (Doc. 40 at 2). However, the Eighth Circuit specifically considered and rejected this argument in *T.L.J.* as follows:

> Normally a controversy over abortion is capable of repetition, yet evading review, and therefore escapes the ordinary application of mootness doctrine. *See Roe v. Wade,* 410 U.S. 113, 125, 93 S. Ct. 705, 712–713, 35 L. Ed. 2d 147 (1973). But the present case is different because there is one more essential element in T.L.J.'s lawsuit which can never be repeated: T.L.J. is now over the age of eighteen and will never again be subject to the restrictions of this statute.

*T.L.J.*, 792 F.2d at 739.

Plaintiff's claims for injunctive and declaratory relief are therefore dismissed as moot. *See id.*

However, the Court agrees with plaintiff that her claim for damages is not rendered moot by the fact that she is no longer pregnant and a minor as "it is well established that changed circumstances do not render moot claims for damages that arise from violations of the plaintiff's own constitutional rights." *Turning Point USA at Arkansas State University v. Rhodes*, 2019 WL 3917529, at *3 (E.D. Ark. Aug. 19, 2019) (citing *Advantage Media, LLC v. City of Eden Prairie*, 456 F.3d 793, 803 (8th Cir. 2006)).

Defendant's argument that plaintiff lacks standing to challenge the statute because she never actually filed an application for alternative authorization does not apply to plaintiff's only remaining claim, which is a § 1983 claim for damages.[4] In that claim, plaintiff alleges that defendant violated her Fourteenth Amendment right to obtain an abortion without parental consent, an argument that does not challenge Missouri's alternative authorization statute. Instead, plaintiff contends that defendant has an unconstitutional policy of conditioning the right of a minor to obtain alternative authorization for an abortion on parental notification, contrary to her constitutional rights. Because plaintiff alleges that defendant

---

[4] The Court need not, and therefore does not, consider whether this argument would preclude plaintiff from pursuing her claims for prospective injunctive and declaratory relief relating to the statute because those claims have been dismissed as moot.

applied an unconstitutional policy to her which resulted in damages, she has alleged a concrete injury in fact that would be redressed by a favorable decision and therefore has standing to bring her claim for damages. *See Advantage Media,* 456 F.3d at 803.

Finally, defendant argues that plaintiff fails to state a claim for damages because she has failed to plead any facts supporting her claim. According to defendant, plaintiff's allegations of damages (including incurred travel costs and emotional distress) are too conclusory to rise her right to relief above a speculative level. The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A plaintiff need not provide specific facts in support of her allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential*

*Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly,* 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (internal citation omitted). This standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim or element. *Id.* at 556. The plausibility of the plaintiff's claim is reviewed "as a whole, not plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal quotation marks and citation omitted).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable" *Twombly*, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56. The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678-79. Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. *Id.* at 679.

Having reviewed plaintiffs' complaint under the relevant standards, the Court will deny defendant's motion to dismiss plaintiff's claim for damages. Whether plaintiff can ultimately prove that she sustained emotional distress or other damages is not properly before me at this stage of the proceedings, but she has alleged enough facts to state a claim and is entitled to conduct discovery in support of that claim.

Defendant's argument that plaintiff fails to plead a constitutional violation is rejected for the same reason discussed above – namely, that plaintiff has pleaded that defendant violated her constitutional right to obtain an abortion without parental consent. Defendant is mistaken that plaintiff must plead or prove that she actually submitted an application for alternative authorization to succeed on this claim, and the motion to dismiss will be denied on that ground.

Finally, the Court rejects defendant's argument (raised for the first time in her reply brief) that plaintiff has not stated a claim for damages because defendant lacks policymaking authority. Even if true, this does not mandate dismissal. Defendant is sued in her official capacity only. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "It is not a suit against the official personally, for the real party in interest is the entity." *Id.* at 166. "Because the real party in interest in an official-capacity suit is the

governmental entity and not the named official, the entity's policy or custom must have played a role in the violation of federal law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). At the motion to dismiss stage, a plaintiff does not have to plead the specific existence of an unconstitutional policy or custom. *Doe v. School Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). "When a complaint is filed, a plaintiff may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right." *Id.* "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Id.* A single incident is insufficient to establish a policy. *Id.* Here, plaintiff has alleged that defendant has a policy of conditioning access to the alternative authorization process on parental notification contrary to constitutional mandate, and that defendant implemented this policy to the detriment of plaintiff on at least two occasions, thereby damaging her. This sufficiently states a claim against defendant in her official capacity, so the motion to dismiss is denied.

      Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [38] is granted in part and denied in part only as follows: plaintiff's claims for prospective injunctive and declaratory relief are dismissed as moot. The motion to dismiss plaintiff's claim for damages is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of November, 2019.