UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 2:19 CV 25 CDP |
| | ) |
| MICHELLE CHAPMAN, | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

At the time this complaint was filed, plaintiff was a pregnant minor who was seeking to obtain an abortion using Missouri's alternative authorization procedure set out in Mo. Rev. Stat. § 188.028[1] instead of obtaining the consent of her parents.

---

[1] The statute permits a pregnant minor to apply to the juvenile courts for either the right to self-consent to abortion or consent by the court to obtain an abortion. The provision reads in relevant part:

> The minor or next friend shall make an application to the juvenile court which shall assist the minor or next friend in preparing the petition and notices required pursuant to this section. The minor or the next friend of the minor shall thereafter file a petition setting forth the initials of the minor; the age of the minor; the names and addresses of each parent, guardian, or, if the minor's parents are deceased and no guardian has been appointed, any other person standing in loco parentis of the minor; that the minor has been fully informed of the risks and consequences of the abortion; that the minor is of sound mind and has sufficient intellectual capacity to consent to the abortion; that, if the court does not grant the minor majority rights for the purpose of consent to the abortion, the court should find that the abortion is in the best interest of the minor and give judicial consent to the abortion; that the court should appoint a guardian ad litem of the child; and if the minor does not have private counsel, that the court should appoint counsel. The petition shall be signed by the minor or the next friend.

Mo. Rev. Stat. § 188.028(2)(1).

Plaintiff alleged that defendant, as the Circuit Clerk of Randolph County (where plaintiff sought to obtain alternative authorization for her abortion), twice refused to allow her to petition the court under the statute without providing notice to her parents, in violation of her Fourteenth Amendment right to obtain an abortion without parental consent.  Defendant asserts quasi-judicial and qualified immunity defenses to plaintiff's claim for damages, alleging that she acted upon the direction of the judge who would have presided over the case if it had been filed.  That judge was James Cooksey, Randolph County Associate Circuit Court Judge.  According to defendant, Judge Cooksey told her that he would require notification of the suit be sent to plaintiff's parents.

Plaintiff served a subpoena for deposition on Judge Cooksey.  Judge Cooksey now seeks to quash the subpoena, arguing that he cannot be compelled to testify about his "mental processes in reaching a decision."  He also claims that this information can be obtained from other employees in the clerk's office, citing to a three-page excerpt from defendant's deposition.  (Doc. 83-1).  Plaintiff opposes the motion to quash, contending that she seeks limited factual information from Judge Cooksey about what he told defendant, not anything related to a "judicial decision" he might have reached.

Having considered the respective parties' positions under the relevant authorities, the motion to quash will be denied.  Judges are not immune from being

2

deposed as witnesses if they possess relevant factual information, which Judge Cooksey clearly does according to defendant.  No underlying state case was ever filed, so plaintiff does not seek to impermissibly probe Judge Cooksey about his mental processes underlying any judicial decision he may have reached.  Given that defendant's immunity defenses hinge directly on whether she acted at the express direction of Judge Cooksey, plaintiff should be permitted to conduct a brief deposition of Judge Cooksey to ascertain his version of those facts.  Nor has Judge Cooksey demonstrated that these facts can adequately be established (and not later contested) through the depositions of the clerk's office employees by attaching three pages from defendant's deposition.  Plaintiff has represented that the deposition will be short, remote, and limited to his conversations with (and knowledge of) defendant regarding the facts underlying plaintiff's claims, so Judge Cooksey has not met his burden of demonstrating that such a deposition would subject him to undue burden or impermissibly obstruct the administration of justice.  Under these circumstances, the motion to quash will be denied and plaintiff will be permitted to take the limited deposition of Judge Cooksey.

    Accordingly,

**IT IS HEREBY ORDERED** that the motion to quash filed by movant James Cooksey [82] is denied.

*/s/ Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of August, 2020.